# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MARJORIE BANNISTER, | ) | |
| | ) | |
|     Plaintiff, | ) | CASE NO. 3:13-0722 |
| | ) | JURY DEMAND |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| TRAVELERS INSURANCE COMPANY, | ) | |
| | ) | MAGISTRATE JUDGE |
|     Defendant. | ) | BROWN |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction is not disputed.

B.     BRIEF THEORIES OF THE PARTIES:

1)     PLAINTIFF: The Plaintiff is a homeowner who has a homeowner's insurance policy ("Policy") with the Defendant. The Plaintiff made a claim under her Policy for sinkhole damages that occurred to her home. Even though the Defendant confirmed that the damage was caused by sinkhole activity, the Defendant denied the claim. Tenn. Code Ann. § 56-7-130 provides that coverage must be made available for sinkhole activity and provides the minimum standards of investigating a sinkhole claim. Coverage was not made available to this Plaintiff, and the Defendant did not meet these minimum standards of investigation before denying the claim. The Defendant has breached the Policy with the Plaintiff by failing to pay all benefits due for damages from sinkhole activity. Further, Defendant did not handle the claim in good faith.

2) DEFENDANT: The Defendant admits that it issued a policy of insurance to Plaintiff that was in effect at the time that Plaintiff alleges that her property was damaged as a result of sinkhole activity. Defendant also admits that it sent a professional engineer to Plaintiff's property and that the engineer determined that there was damage to the Plaintiff's home that was caused by sinkhole activity. However, it is Defendant's theory that the damage to Plaintiff's home is not covered under Defendant's policy for the reason that the damage to the home was not "sudden" as required by Defendant's policy.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. MANDATORY INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference which is on or before November 11, 2013.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before April 24, 2014 [2013 struck through]. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before May 19, 2014 [2013 struck through].

H. DISCLOSURE OF EXPERTS: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before May 16, 2014. Defendant shall identify and disclose all

expert witnesses and reports on or before June 16, 2014. The parties shall identify and disclose all rebuttal expert witnesses and reports on or before July 16, 2014.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before August 25, 2014.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before July 21, 2014.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before October 1, 2014. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

L. ELECTRONIC DISCOVERY: The parties will attempt to reach an agreement on how to conduct electronic discovery on a consensual basis. Until such time, the parties will conduct electronic discovery pursuant to the default standard contained in Administrative Order No. 174.

M. ESTIMATED TRIAL TIME: The parties expect that trial will last approximately four days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE

APPROVED FOR ENTRY:


*/s/ Sonya S. Wright*
Sonya S. Wright (BPR 023898)
Hagan & Farrar, PLLC
106 N. Church Street
Murfreesboro, TN  37130
Telephone:  (615) 800-4747
Facsimile:  (615) 900-3473
sonya@haganfarrar.com

Thomas W. Thompson (BPR 025817)
Thompson Trial Group, P.A.
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:  (813) 254-1800
Facsimile:  (813) 254-1844
thompson@ttglaw.com

*Attorneys for Plaintiff*


*/s/ Marc O. Dedman (by permission Sonya S. Wright)*
Mr. Marc O. Dedman (BPR 014044)
Mr. Thomas J. Smith, (BPR 018229)
Spicer Rudstrom, PLLC
414 Union Street
Bank of America Plaza, Suite 1700
Nashville, TN 37219
Telephone: (615) 425-7351
Facsimile:  (615) 259-1522
mod@spicerfirm.com
tjs@spicerfirm.com

*Attorneys for Defendant*